WALTER MACK, on Behalf of Himself and All Other Creditors of WILLIAM EDELL, Similarly Situated, Respondent, v. WILLIAM EDELL, Appellant, et al., Defendants.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order adjudging defendant Edell to be in civil contempt and fining him and directing that he be confined in jail until the fine and motion costs are paid.) Present — Vaughan, J. P., Kimball, Piper and Van Duser, JJ.

MAX PHILIPSON, Appellant, v. UTICA KNITTING COMPANY et al., Respondents. — Judgment affirmed, with costs. All concur. (Appeal from a judgment dismissing the complaint in an injunction action by a stockholder.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [See 285 App. Div. 858.]

BURNS PIPING SUPPLY, INC., Appellant, v. BURNS BROTHERS PLUMBERS, INC., Respondent.— Orders affirmed, with $10 costs and disbursements. All concur. (Appeals from two orders denying motions by plaintiff under rules 103 and 109 of the Rules of Civil Practice to strike out certain defenses and affirmative defenses in defendant's answer.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

PATRICK J. KELLY, Appellant, v. WALTER A. NOTT et al., Respondents. PATRICK J. KELLY, Appellant, v. WALTER A. NOTT, Respondent. PATRICK J. KELLY, Appellant, v. FLORENCE A. NOTT, Respondent.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We think it was error to grant defendants' counsel's motion to open and close. The pleadings show that plaintiff was required to make proof of a default and that defendants had not paid the principal and interest due on the mortgages and he should not have been deprived of his right to open and close. Even though we could overlook that error, we would have to reverse and order a new trial. The witnesses George Bigham and Dr. Buxbaum, regardless of objection and in many instances after an objection was sustained, continued to testify as to their own opinions and not on relevant facts. Anne M. Bigham was permitted to testify to much that was irrelevant and not within the issues. We also think the amount found by the jury for the defendants on the counterclaim was excessive in view of the very modest accommodations which were furnished plaintiff by the defendants. All concur. (Appeal from a judgment for defendants in actions to foreclose mortgages and to recover money loaned. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.